THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 MAR 20  A 9: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MAX E. WILKES, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 3:07-CV-244-WKW |
| | ) |
| CITY OF PHENIX CITY, | ) |
| ALABAMA, an Alabama municipal | ) |
| corporation; Hon. JEFF HARDIN, | ) |
| in his official capacity as Mayor | ) |
| of Phenix City, Alabama, and | ) |
| individually; Hon. RAY BUSH in | ) |
| his official capacity as a member of the | ) |
| Phenix City Council and individually; | ) |
| and HON. JOHN STOREY, in his | ) |
| official capacity as a member of the | ) |
| Phenix City Council and individually, | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

**COME NOW** Defendants City of Phenix City, Alabama, an Alabama municipal

corporation; Hon. Jeff Hardin, in his official capacity as Mayor of Phenix City, Alabama,

and individually; Hon. Ray Bush in his official capacity as a member of the Phenix City

Council and individually; and Hon. John Storey, in his official capacity as a member of

the Phenix City Council and individually and files this Notice of Removal, hereby

removing the case captioned Max E. Wilkes v. City of Phenix City, Alabama, an

Alabama municipal corporation; Hon. Jeff Hardin in his official capacity as Mayor of

Phenix City, Alabama and individually; Hon. Ray Bush in his official capacity as a

member of the Phenix City Council and individually; and Hon. John Storey, in his

official capacity as a member of the Phenix City Council and individually (CV-07-049)

from the Circuit Court of Russell County, Alabama to the United States District Court for

the Middle District of Alabama, Eastern Division.  As grounds for this removal

Defendants state as follows:

1.

The above-entitled action was commenced in the Circuit Court of Russell County, State of Alabama, and is now pending therein. A copy of the Plaintiff's complaint, along with all process, pleadings and orders served on or by Defendants, is attached hereto as Exhibit "A".

2.

Defendants were served with said Complaint on March 6, 2007. Therefore the removal of this case to this Court is timely pursuant to 28 U.S.C. Section 1446(a).

3.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of the federal questions at issue, pursuant to 28 U.S.C. Section 1331, specifically Plaintiff's claim that Defendants have violated protections of the Constitution of the United States, and/or 42 U.S.C. Sections 1983, 1985, 1986 and/or 1988.

WHEREFORE PREMISES CONSIDERED, Defendants pray that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-referred action from the Circuit Court of Russell County, Alabama to this Court.

This _19th_ day of March, 2007.

James R. McKoon, Jr., MCK020
Joshua R. McKoon, MCK057
James P. Graham, Jr., GRA030
Attorneys for Defendants

McKoon, Thomas & McKoon
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
Facsimile 334.297.2777

The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| **MAX E. WILKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **Civil Action No.: CV-07-049** |
| | ) |
| **CITY OF PHENIX CITY,** | ) |
| **ALABAMA, an Alabama municipal** | ) |
| **corporation; Hon. JEFF HARDIN,** | ) |
| **in his official capacity as Mayor** | ) |
| **of Phenix City, Alabama, and** | ) |
| **individually; Hon. RAY BUSH in** | ) |
| **his official capacity as a member of the** | ) |
| **Phenix City Council and individually;** | ) |
| **And Hon. JOHN STOREY, in his** | ) |
| **official capacity as a member of the** | ) |
| **Phenix City Council and individually,** | ) |
| | ) |
| **Defendants.** | ) |

### CERTIFICATE OF SERVICE

Counsel for Defendants does hereby certify he has caused to be served upon Counsel for

the Plaintiff a copy of the foregoing Notice of Removal by transmitting a copy of same via U.S.

Mail to the following:

    Raymond L. Jackson, Jr.
    Post Office Box 3575
    Auburn, Alabama 36831-3575

    Thomas F. Worthy
    Post Office Box 2392
    Phenix City, Alabama 36868-2392

This _19ᵗ_ day of March, 2007.

                                        _____
                                        Counsel for Defendants



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2 0 0 7 0 4 9 - <br>Date of Filing:                                    Judge Code:<br>0 2   2 3   2 0 0 7   J C J C J C 2 <br>Month  Day  Year |
|---|---|---|

### GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** _____ Russell _____, ALABAMA
(Name of County)

_____ Max E. Wilkes _____   v.   _____ City of Phenix City, Alabama, et al. _____

| **Plaintiff** | **Defendant** |
|---|---|
| **First Plaintiff** ☐ Business  ☑ Individual<br>☐ Government  ☐ Other | **First Defendant** ☐ Business  ☐ Individual<br>☑ Government  ☐ Other |

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED      T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
| J | A | C | 0 | 5 | 4 |
|---|---|---|---|---|---|

2 / 23 / 07
Date

_Raymon_ (signature)
Signature of Attorney/Party filing this form

FILED IN OFFICE
2007 FEB 23  PM 3:42

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☑ UNDECIDED

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MAX E. WILKES,                                )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )  Civil Action No.: CV-07-049
                                              )
CITY OF PHENIX CITY,                          )
ALABAMA, an Alabama municipal                 )
corporation,; Hon. JEFF HARDIN,               )
in his official capacity as Mayor             )
of Phenix City, Alabama, and                  )
individually; Hon. RAY BUSH                   )
in his official capacity as a member          )
of the Phenix City Council and                )
individually; and Hon. JOHN STOREY,           )
in his official capacity as as a member       )
of the Phenix City Council and                )
individually,                                 )
                                              )
        Defendants.                           )

THIS DOCUMENT
PREPARED BY
PLAINTIFF OR
PLAINTIFF'S ATTORNEY

## VERIFIED COMPLAINT
(Jury Trial Demand)

COMES NOW, Plaintiff Max E. Wilkes and respectfully submits this Verified

Complaint. In support thereof, Plaintiff states the following under oath:

### PARTIES

1.      Plaintiff Max E. Wilkes is over the age of nineteen years old and is a resident of

Russell County, Alabama.

2.      Defendant City of Phenix City, Alabama is an Alabama municipal corporation,

which is located primarily in Russell County, Alabama.

3.      Defendant Jeff Hardin is an individual over the age of nineteen years old and is a

resident of Lee County, Alabama. Hardin is sued in his official capacity as Mayor of Phenix

City, Alabama, and in his individual capacity.

4.      Defendant Ray Bush is an individual over the age of nineteen years old and is a resident of Russell County, Alabama. Bush is sued in his official capacity as a City Council member of Phenix City, Alabama, and in his individual capacity.

5.      Defendant John Storey is an individual over the age of nineteen years old and is a resident of Russell County, Alabama. Storey is sued in his official capacity as a City Council member of Phenix City, Alabama, and in his individual capacity.

## FACTS

6.      Plaintiff was employed by the City of Phenix City for twenty-nine (29) years. During the vast majority of this time, Plaintiff was employed as the Clerk of the Municipal Court of Phenix City.

7.      For much of his time as a City employee, Plaintiff held two or more positions with the City, while being paid for only one position.

8.      From 1996 until 2000, Plaintiff served as municipal court clerk and as director of the parks and recreation department.

9.      In 2001, Plaintiff served as municipal court clerk and as city clerk for four months.

10.      Plaintiff also served as personnel director for the City in 2001-02.

11.      When City Manager Herman Roberts was placed on active military duty in January of 2003, Plaintiff served as interim city manager and as municipal court clerk for over one and a half years.

12.      In late 2004, the City took away Plaintiff's position as municipal court clerk, and Plaintiff served only as interim city manager for three months.

13.     Defendant Phenix City did not compensate Plaintiff for performing multiple jobs in violation of its own policies and/or ordinances.

14.     When Roberts returned from active military duty in December 2004, Roberts resumed the duties as city manger in December 13, 2004.

15.     At this point, Roberts asked Plaintiff to retire and leave the employment of the City.  Roberts involuntarily suspended Plaintiff's employment for approximately four weeks and sent him home to "think about" retiring.

16.     Eventually, Roberts agreed to return Plaintiff to his former position as municipal court clerk in exchange for Plaintiff taking a 6% pay decrease.  Even after this point, Roberts continued to repeatedly ask Plaintiff when Plaintiff was going to retire up until the time at which the City eliminated Plaintiff's job.

17.     At that point, Roberts said that Plaintiff could keep the position of municipal court clerk for as long as Plaintiff wanted the position.

18.     In October of 2004, Defendant Jeff Hardin took office as Mayor of Phenix City.

19.     When Hardin took office, Plaintiff was acting as interim city manager.

20.     Shortly after taking office, Hardin told Plaintiff that he wanted to put "his people" (i.e., Hardin's political supporters) in charge of city departments, analogizing that the President and Governor are allowed to bring in their people when they assume office.

21.     Plaintiff counseled Hardin against attempting to put "his people" in charge of city departments, pointing out that city employees are employed in government as their careers and not as political appointees.

22.     In early to mid 2006, Plaintiff was approached by several people who asked Plaintiff to consider running for Mayor of Phenix City in 2008. Plaintiff told those people that it was too early to consider running for mayor.

23.     In early summer of 2006, Phenix City Fire Chief Wallace Hunter met with City Manager Roberts at city hall. During this meeting, Hunter told Roberts that Hunter had told a group of local women that Sonny Coulter and Max Wilkes would make good candidates for Mayor in 2008.

24.     At this point, Fire Chief Hunter noticed that city councilman Ray Bush had been standing in the hall near Robert's office. After hearing Hunter's comments, Hunter saw Bush go into the conference room where Mayor Hardin was working.

25.     In June of 2006, City Manager Roberts prepared a proposed Phenix City budget for the fiscal year 2006-07. The budget as proposed by Roberts included funding for Plaintiff's job.

26.     On or about July 26, 2006, Mayor Hardin, councilman Ray Bush, and councilman John Storey met with City Manager Roberts and told Roberts to take Plaintiff's salary out of the 2006-07 city budget, because Hardin had heard that Plaintiff was going to run for Mayor in 2008.

27.     Subsequently, Roberts met with Plaintiff and told him that the City Council had eliminated Plaintiff's position from the city budget for 2006-07.

28.     Plaintiff spoke with Mayor Hardin and every member of the City Council about retaining his job.

29.     Before being notified that his job was being eliminated, Plaintiff had planned to work at least two additional years.

30.    If the Defendants would spare him the embarrassment of being forced out of city employment, Plaintiff even offered to voluntarily retire sooner if the Defendants would allow him to work until he reached 30 years of service.

31.    The City Council passed the 2006-07 budget by a vote of 4 to 1 and thereby eliminated Plaintiff's position, stating that funds were not available to pay for Plaintiff's salary.

32.    Subsequently, City Manager Roberts gave Plaintiff written notice that his job had been terminated.  Roberts also told Plaintiff that he would not be given credit for accumulated sick leave unless he Plaintiff signed a form stating that he was retiring.

33.    As the result of Defendants' wrongful conduct, Plaintiff has lost the income and benefits of being a current City employee, and Plaintiff's retirement benefits have been diminished because he was forced to retire two years earlier than he planned.

34.    Because Defendants terminated Plaintiff during the middle of the month, Plaintiff lost one month's retirement benefits.

35.    As the result of Defendants' wrongful conduct, Plaintiff has suffered mental anguish and public embarrassment.

36.    Plaintiff had a property right in his job with the City.

37.    Plaintiff was not afforded any hearing or Due Process by Defendants prior to (or after) his termination.

## COUNT I
### (Violations of Constitution of Alabama of 1901 and/or Alabama law)

38.    Plaintiff re-alleges and incorporates by reference herein the foregoing allegations of this Verified Complaint.

39.    Defendants' conduct as described herein deprived Plaintiff of his property rights in violation of the Due Process guarantees and/or other guarantees found in the *Constitution of*

*Alabama of 1901*, Article 1, §§ 1, 5, 6, 7, 11, 13, 23, 35, 36, and/or 235 (and any amendments thereto).

40.      Defendants' conduct as described herein deprived Plaintiff of his rights to free speech, to associate, to petition the government and/or to engage in political speech or activities in violation of the First Amendment and Due Process guarantees and/or other guarantees found in *Constitution of Alabama of 1901* (as amended).

41.      Defendants' conduct as described herein otherwise violates Alabama law. Defendants' conduct is also contrary to the municipal law (including but not limited to the City charter) and/or the previously established practice and custom of Phenix City, Alabama.

42.      Defendants' conduct constitutes a wrongful deprivation of property by government without a hearing or Due Process and/or without just compensation.

43.      Plaintiff has suffered damages as described herein above.

44.      Defendants acted intentionally, arbitrarily, and capriciously in violating Plaintiff's civil rights and/or in depriving, misappropriating and/or taking the property rights of Plaintiff.

45.      The successful bringing of this action by Plaintiff will create a public benefit that justifies an award of attorney's fees to Plaintiff.

WHEREFORE, Plaintiff Max Wilkes demands the following relief:

(a) Declaratory Judgment Relief;

(b) Compensatory Damages;

(c) Punitive Damages;

(d) Permanent Injunctive Relief barring Defendants from acting similarly in the future and/or acting to harm Plaintiffs;

(e) Costs;

(f) Attorney's Fees; and

(g) Any other relief that the Court and/or jury deems to be appropriate.

## COUNT II
### (Violations of U.S. Constitution and/or 42 U.S.C. §§ 1983, 1985, 1986, and/or 1988)

46.    Plaintiff re-alleges and incorporates by reference herein the foregoing allegations of this Verified Complaint.

47.    Defendants' conduct as described herein deprived Plaintiff of his First Amendment rights to free speech, to associate, to petition the government and/or to engage in political speech or activities in violation of the First Amendment and Due Process guarantees and/or other guarantees found in the *United States Constitution* in Amendments I, V, IX, X, and/or XIV.

48.    Defendants' conduct as described herein deprived Plaintiff of his property rights in violation of the Due Process guarantees and/or other guarantees found in the *United States Constitution* in Amendments V, IX, X, and/or XIV.

49.    Defendants Jeff Hardin, Ray Bush, and John Storey were acting under color of state law and/or as the agents of Phenix City, when they deprived Plaintiff of his civil rights and/or property rights as described hereinabove.

50.    Defendants conspired among themselves and/or with other unnamed parties to deprive Plaintiff of his civil rights and/or property rights as described hereinabove.

51.    Defendants' conduct described herein is actionable pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and/or 1988.

52.    Plaintiff was deprived of his civil rights and/or property without Due Process of law in violation of Federal law, Alabama law, and/or the municipal law and practice of Phenix City, Alabama, and/or without just compensation.

53.    Plaintiff has suffered damages as described herein above.

54.    Defendants acted intentionally, arbitrarily, and capriciously in violating Plaintiff's

civil rights and/or in depriving, misappropriating and/or taking the property rights of Plaintiff.

WHEREFORE, Plaintiff Max Wilkes demands the following relief:

(a) Declaratory Judgment Relief;

(b) Compensatory Damages;

(c) Punitive Damages;

(d) Permanent Injunctive Relief barring Defendants from acting similarly in the future

   and/or acting to harm Plaintiffs;

(e) Costs;

(f) Attorney's Fees; and

(g) Any other relief that the Court and/or jury deems to be appropriate.

## COUNT III
### (Declaratory Judgment and Other Relief)

55.    Plaintiff re-alleges and incorporates by reference herein the foregoing allegations

of this Verified Complaint.

56.    The present case is brought pursuant to the Alabama Declaratory Judgment Act,

*Code of Alabama (1975)* § 6-6-220 et seq. and Rule 57 of the *Alabama Rules of Civil Procedure*.

57.    Defendant Phenix City is a proper defendant to this declaratory judgment action

pursuant *Code of Alabama (1975)* §§ 6-6-220 & 6-6-227.

58.    Plaintiff seeks a declaratory judgment declaring that Alabama law and/or Phenix

City municipal law (including the city charter) prohibits Defendants Hardin, Bush, and Storey

from interfering in the drafting of the City budget by the City Manager.

59.    Plaintiff seeks a declaratory judgment declaring that Alabama law (including but not limited to the Alabama Sunshine Law *Code of Alabama (1975)* §§ 36-25A-1 et seq. & 11-43A-21) and/or Phenix City municipal law (including the city charter) prohibits Defendants Hardin, Bush, and Storey from meeting privately together with the City Manager to conduct City business and/or to discuss changes to the City budget.

60.    Plaintiff seeks a declaratory judgment declaring that Alabama law (including but not limited to *Code of Alabama (1975)* § 17-1-7) and/or Phenix City municipal law (including the city charter) prohibits Defendants Hardin, Bush, and Storey from terminating a City employee's job for political purposes.

61.    Plaintiffs seek permanent injunctive relief barring Defendant Phenix City and/or Defendants Hardin, Bush, and Storey from engaging in the conduct alleged hereinabove and more specifically in paragraphs 58 thru 60 above.

62.    Defendants' termination of Plaintiff was unlawful and/or illegal in that it arose out of the conduct alleged hereinabove and more specifically in paragraphs 58 thru 60 above.

WHEREFORE, Plaintiff Max Wilkes demands the following relief:

(a)  Declaratory Judgment Relief including restoration of Plaintiff's former position with back pay and benefits;

(b)  Permanent Injunctive Relief barring Defendants from acting similarly in the future and/or acting to harm Plaintiffs;

(c)  Compensatory;

(d)  Costs;

(e)  Attorney's Fees; and

(f)  Any other relief that the Court and/or jury deems to be appropriate.

## COUNT IV
### (Breach of Contract and/or Unjust Enrichment)

63.     Plaintiff re-alleges and incorporates by reference herein the foregoing allegations of this Verified Complaint.

64.     Plaintiff was not properly compensated for the time during which Plaintiff performed two or more jobs for Defendant Phenix City.

65.     Defendant Phenix City violated its own policies, prior practices, and/or ordinances in failing to properly compensate Plaintiff for performing two or more jobs for the City as described hereinabove.

66.     Defendant Phenix City breached its employment agreement with Plaintiff in failing to properly compensate Plaintiff for performing two or more jobs for the City as described hereinabove.

67.     Defendant Phenix City breached its employment agreement with Plaintiff by terminating Plaintiff in the manner described herein above.

68.     Alternatively, Defendant Phenix City was unjustly enriched in that it failed to properly compensate Plaintiff for performing two or more jobs for the City as described hereinabove.

69.     Plaintiff has suffered damages as described herein above as the result of the breach of contract and/or other wrongful conduct described herein.

70.     Plaintiff was harmed in that he performed additional services or work for the City and at the direction of the City for which Plaintiff has not been properly compensated.

WHEREFORE, Plaintiff Max Wilkes demands the following relief:

(a) Declaratory Judgment Relief;

(b) Compensatory Damages;

(c) Permanent Injunctive Relief barring Defendants from acting similarly in the future

toward other City employees performing two or more jobs;

(d) Costs;

(e) Attorney's Fees; and

(f) Any other relief that the Court and/or jury deems to be appropriate.

## COUNT V
### (Tort of Outrage and/or Intentional Infliction of Emotional Harm)

71.     Plaintiff re-alleges and incorporates by reference herein the foregoing allegations

of this Verified Complaint.

72.     The conduct of Defendants as described herein above was extreme and

outrageous and was beyond the bounds of normal decency.

73.     The conduct of Defendants' agent in involuntarily suspending Plaintiff from his

job in order to attempt to force him to retire and/or thereafter in repeatedly asking Plaintiff about

when he intended to retire was extreme and outrageous and was beyond the bounds of normal

decency.

74.     Defendant Phenix City ratified and condoned the outrageous conduct of the

individual Defendants and the outrageous conduct of its other employees, officials, and/or agents

as described hereinabove.

75.     The conduct described herein above constituted illegal age discrimination and/or

age based harassment.

76.     In committing the wrongful conduct against Plaintiff, each individual Defendant

acted in his individual capacity and at times in his official capacity as an official of Phenix City,

Alabama.

77.    Plaintiff suffered severe mental anguish, public embarrassment, and other injuries as the result of said outrageous conduct.

WHEREFORE, Plaintiff demands the following relief:

(a) Compensatory Damages;

(b) Punitive Damages; and

(c) Attorney's Fees.

**Respectfully submitted** this the ___23rd___ day of February 2007,


_____
Raymond L. Jackson, Jr. (JAC054)
Attorney for Plaintiff Max E. Wilkes

**OF COUNSEL:**
Raymond Jackson, Jr.
Scott Crouse
Jackson Law Group, P.C.
P.O. Box 3575
Auburn, Alabama 36831-3575
(334) 821-0600 // (334) 821-1950 (FAX)


_____
Thomas F. Worthy (WOR008)
Attorney for Plaintiff Max E. Wilkes

**OF COUNSEL:**
Thomas F. Worthy
Attorney at Law
P.O. Box 2392
Phenix City, Alabama 36868-2392
(334) 291-7654 // (334) 291-7750 (FAX)

## JURY DEMAND

Plaintiff demands that his claims be tried to a jury.

OF COUNSEL

## VERIFICATION STATEMENT

I, MAX E. WILKES, swear and/or affirm that I have read the foregoing Verified Complaint, and that the facts and/or statements contained therein are true and correct.

Dated: February 23, 2007

Max E. Wilkes

## NOTARY STATEMENT

STATE OF ALABAMA        )
                        )
RUSSELL COUNTY          )

Before me, the undersigned, a Notary Public, appeared MAX E. WILKES, who being by me first duly sworn, deposed and said on oath that he has read the foregoing Verified Complaint, that the statements contained therein are true and correct, and that he executed the same voluntarily of his own free will.

WITNESS my hand and official seal of office this the 23rd day of February 2007.

NOTARY PUBLIC

My Commission Expires: 2/4/2009

## ADDRESSES OF DEFENDANTS

### MAX WILKES V. CITY OF P.C., et al.

*Hon, Martha Harris*

1.  City of Phenix City, Alabama
    1119 Broad Street
    Phenix City, Alabama 36867
    Ph: ( 334 ) 448-2701

2.  Jeff Hardin
    1310 Grist Mill Drive
    Phenix City, Alabama 36867
    Ph: ( 334 ) 291-5447

3.  Ray Bush
    1811 Carriage Drive
    Phenix City, Alabama 36867
    Ph: ( 334 ) 298-7486

4.  John F. Storey, Jr.
    3903 Brookwood Drive
    Phenix City, Alabama 36867
    Ph: (334 ) 297-0151

( Service via Sheriff )

FILED IN OFFICE
2007 FEB 23 PM 3:42
CIRCUIT/DIST. COURTS
RUSSELL CO. AL

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| MAX E. WILKES, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: CV-07-049 |
| | ) |
| CITY OF PHENIX CITY, | ) |
| ALABAMA, an Alabama municipal | ) |
| corporation,; Hon. JEFF HARDIN, | ) |
| in his official capacity as Mayor | ) |
| of Phenix City, Alabama, and | ) |
| individually; Hon. RAY BUSH | ) |
| in his official capacity as a member | ) |
| of the Phenix City Council and | ) |
| individually; and Hon. JOHN STOREY, | ) |
| in his official capacity as as a member | ) |
| of the Phenix City Council and | ) |
| individually, | ) |
| | ) |
| **Defendants.** | ) |

THIS DOCUMENT PREPARED BY PLAINTIFF OR PLAINTIFF'S ATTORNEY

2007 FEB 23 PM 3:43
FILED IN OFFICE
CIRCUIT COURT CLERK
RUSSELL CO. AL

## PLAINTIFF'S FIRST SET OF REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Plaintiff Max Wilkes propounds the following requests for production of documents

and/or interrogatories to Defendants City of Phenix City, Hon. Jeff Hardin, Hon. Ray Bush, and

Hon. John Storey pursuant to Rule 34 of the *Alabama Rules of Civil Procedure.* Plaintiff requests

that Defendant responds in writing and produce copies of the following documents to the office of

Plaintiff's counsel Raymond Jackson at 2505 Crawford Road, Phenix City, Alabama, 36867 within

forty five (45) days from the date that each Defendant is served with the Verified Complaint and

this document.

      1.      All memoranda, notes, e-mails, correspondence, minutes, records, and other

documents concerning the incidents as alleged in the Complaint.

2.    A complete copy of the Plaintiffs' personnel file and any other records related to his employment by the City of Phenix City.

3.    A copy of any statements, documents, pictures, films, videos, audiotapes, computer files or printouts, data, or other materials that the Defendants intend to introduce at trial.

4.    A complete copy of the 2006-07 budget for the City of Phenix City and copies of any prior draft budgets prepared by City personnel and/or officials.

5.    A copy of any reports prepared by the expert(s) that Defendants intend to call to testify at trial or from whom the Defendants obtained information which Defendant intends to use at trial.

6.    A copy of payroll records for Plaintiff showing salary earned by Plaintiff for each of months that he was employed by the Defendant.

7.    Excluding direct correspondence between Defendant(s) and its Attorneys, a copy of any correspondence, memorandums, e-mails, notes, or other documents prepared by employees of Defendants or individuals acting as agents for Defendants discussing Plaintiff (including but not limited to the decision to eliminate Plaintiff's job) and/or the other incidents alleged in the Complaint.

8.    A copy of any correspondence, memorandums, notes, e-mails, or other documents submitted by Plaintiff to Defendants relating to the incidents in question or any other matter.

9.    A copy of any employee handbooks, manuals and/or documents containing Phenix City's personnel procedures or guidelines for dealing with employees.

10.    A copy of any manuals and/or documents containing procedures or guidelines used by Phenix City officials, manager(s), and/or employees to assist them in complying with the

requirements of the Age Discrimination in Employment Act (ADEA) and/or make work place

decision related to persons who are protected by the ADEA.

      11.    A copy of any manuals and/or documents containing procedures or guidelines

used by Phenix City officials, manager(s), and/or employees to assist them in preparing and/or

adopting city budgets.

      12.    A copy of any manuals and/or documents containing procedures or guidelines

used by Phenix City officials, manager(s), and/or employees to assist in complying with the

various Alabama Sunshine Laws.

      13.    A copy of the city charter for the City of Phenix City, Alabama and any

amendments thereto.

      14.    A list of the current salaries of the following Phenix City employees:  (a) City

Manager; (b) City Clerk; (c) Police Chief; (d) Assistant Police Chief; (e) Fire Chief; (f) Deputy

Fire Chief(s); (g) Parks and Recreation Director; (h) Assistant Parks and Recreation Director; (i)

City Engineer / Public Works Director; (j) Assistant City Engineer; (k) Municipal Court Clerk; (l)

Utilities Director; (m) Division Directors for all departments; and (n) Finance Director.

      **Respectfully submitted** this the 23rd day of February 2007,


Raymond L. Jackson, Jr. (JAC054)
Attorney for Plaintiff Max E. Wilkes

**OF COUNSEL:**
Raymond Jackson, Jr.
Scott Crouse
Jackson Law Group, P.C.
P.O. Box 3575
Auburn, Alabama 36831-3575
(334) 821-0600 // (334) 821-1950 (FAX)

Thomas F. Worthy (WOR008)
Attorney for Plaintiff Max E. Wilkes

**OF COUNSEL:**
Thomas F. Worthy
Attorney at Law
P.O. Box 2392
Phenix City, Alabama 36868-2392
(334) 291-7654 // (334) 291-7750 (FAX)

**TO BE SERVED ON DEFENDANTS WITH VERIFIED COMPLAINT**



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To: JACKSON RAYMOND LEWIS JR
rjackson@auburnattorney.com

---

# NOTICE OF SERVICE

---

**IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**

**MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL
57-CV-2007-000049.00**

The following matter was served on 3/6/2007

**D003 BUSH HON RAY, MEMBER OF
SERVED PERSONALLY**

**KATHY S. COULTER
CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To: WORTHY THOMAS FLOYD
tworthy@fdlawyers.com

---

# NOTICE OF SERVICE

---

**IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**

**MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL**
**57-CV-2007-000049.00**

The following matter was served on 3/6/2007

**D003 BUSH HON RAY, MEMBER OF**
**SERVED PERSONALLY**

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To:  JACKSON RAYMOND LEWIS JR
     rjackson@auburnattorney.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

### MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL
### 57-CV-2007-000049.00

The following matter was served on 3/6/2007

**D004 STORY HON JOHN, MEMBER OF**

**SERVED PERSONALLY**

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To:  WORTHY THOMAS FLOYD
     tworthy@fdlawyers.com

# NOTICE OF SERVICE

**IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**

**MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL**
**57-CV-2007-000049.00**

The following matter was served on 3/6/2007

**D004 STORY HON JOHN, MEMBER OF**
**SERVED PERSONALLY**

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To:  JACKSON RAYMOND LEWIS JR
     rjackson@auburnattorney.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

### MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL
### 57-CV-2007-000049.00

The following matter was served on 3/6/2007

**D001 CITY OF PHENIX CITY, ALABAMA**
**SERVED PERSONALLY**

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To:  WORTHY THOMAS FLOYD
     tworthy@fdlawyers.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

**MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL
57-CV-2007-000049.00**

The following matter was served on 3/6/2007

**D001 CITY OF PHENIX CITY, ALABAMA
SERVED PERSONALLY**

**KATHY S. COULTER
CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To:  JACKSON RAYMOND LEWIS JR
rjackson@auburnattorney.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL
57-CV-2007-000049.00

The following matter was served on 3/6/2007

D002 HARDIN HON JEFF, MAYOR
SERVED PERSONALLY

KATHY S. COULTER
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-000049.00

Judge: ALBERT L JOHNSON

To:  WORTHY THOMAS FLOYD
tworthy@fdlawyers.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

### MAX E. WILKES  VS  CITY OF PHENIX CITY, ALABAMA , ET AL
### 57-CV-2007-000049.00

The following matter was served on 3/6/2007

**D002 HARDIN HON JEFF, MAYOR**

**SERVED PERSONALLY**

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov