IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAX E. WILKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:07-CV-244 |
| ) | |
| CITY OF PHENIX CITY, ) | |
| ALABAMA, an Alabama municipal ) | |
| corporation; Hon. JEFF HARDIN, ) | |
| in his official capacity as Mayor ) | |
| of Phenix City, Alabama, and ) | |
| individually; Hon. RAY BUSH in ) | |
| his official capacity as a member of the ) | |
| Phenix City Council and individually; ) | |
| And HON. JOHN STOREY, in his ) | |
| official capacity as a member of the ) | |
| Phenix City Council and individually, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW, Defendants City of Phenix City, Alabama, an Alabama municipal corporation; Hon. Jeff Hardin, in his official capacity as Mayor of Phenix City, Alabama, and individually; Hon. Ray Bush in his official capacity as a member of the Phenix City Council and individually; and Hon. John Storey, in his official capacity as a member of the Phenix City Council and individually and files this their Answer and Defenses to Plaintiff's Complaint and shows as follows:

PARTIES

1.

Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

FACTS

6.

Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 to the extent they suggest that the Plaintiff rendered services to Defendants for which he did not receive adequate compensation. Defendants admit the allegations contained in Paragraph 7 to the extent they allege that Plaintiff held numerous positions within the employ of Defendants over the course of the term of his employment with Defendants. To the extent any other allegations are made in Paragraph 7 of Plaintiff's Complaint, they are expressly denied by Defendants who demand Plaintiff provide strict proof thereof.

8.

Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint as stated, but state that Plaintiff did serve as Personnel Director for a very short time in 2002.

11.

Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants admit that Plaintiff was not reappointed as Municipal Court Clerk in 2004 and that Plaintiff served as interim City Manager for approximately 3 months. The remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

Defendant Phenix City denies the allegations contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit that Roberts asked Plaintiff to retire and leave the employment of the City. Defendants deny that Plaintiff was "involuntarily suspended". Instead, Defendants allege that the Plaintiff was given 4 weeks off the job with pay to reach a decision concerning retirement. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16.

Defendants admit that Roberts agreed to return Plaintiff to his former position as Municipal Court Clerk and that the position paid less. Defendants further admit that Roberts did ask the Plaintiff from time to time when he was going to retire and that Plaintiff's retirement was discussed on several occasions up and until the time the City Council eliminated funding for Plaintiff's job from the City budget. The remaining allegations of Paragraph 16 of Plaintiff's Complaint are denied.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

22.

Defendants are without knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint. To the extent a response is required, Defendants expressly deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and demand strict proof thereof.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated and characterized therein and demand strict proof thereof.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint as stated and characterized therein and demand strict proof thereof.

25.

Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants admit that there was a work session meeting including the Mayor, City Manager and all City Council Members, in which there was a discussion about eliminating

PDF created with pdfFactory trial version www.pdffactory.com

funding for Plaintiff's job. The remaining allegations contained in Paragraph 26 of Plaintiff's Complaint are denied and Defendants demand strict proof thereof.

27.

Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint. To the extent a response is required, Defendants expressly deny the allegations contained in Paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31.

Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants admit that Roberts gave Plaintiff notice that his job had been terminated and that he advised Plaintiff that in order to get credit for accumulated sick leave, he would need to sign retirement forms. Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint and demand strict proof thereof.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint and demand strict proof thereof.

37.

Defendants deny that Plaintiff was entitled to any due process hearing prior to his termination in accordance with the provisions of the City Charter.  However, Plaintiff spoke with each and very member of the City Council prior to the funding for his job was eliminated and had an opportunity to voice his concerns and make his case to each Council Member (see Paragraph 28 of Plaintiff's Complaint).   Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and demand strict proof thereof.

COUNT I
(Violations of Constitution of Alabama of 1901 and/or Alabama law)

38.

Defendants incorporate their responses to allegations contained in Paragraph 1 through Paragraph 37 of Plaintiff's Complaint by reference herein.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint and demand strict proof thereof.

40.

Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint and demand strict proof thereof.

41.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and demand strict proof thereof.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint and demand strict proof thereof.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint and demand strict proof thereof.

44.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint and demand strict proof thereof.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint and demand strict proof thereof.

WHEREFORE, Defendants pray for the following relief:

(a)   Judgment for the Defendants on Count I of Plaintiff's Complaint;

(b)   Costs of this action to be taxed to the Plaintiff; and

(c)   Any other relief this Court deems just.

## COUNT II
(Violations of U.S. Constitution and/or 42 U.S.C. §§ 1983, 1985, 1986, and/or 1988)

46.

Defendants incorporate their responses to allegations contained in Paragraph 1 through Paragraph 45 of Plaintiff's Complaint by reference herein.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and demand strict proof thereof.

PDF created with pdfFactory trial version www.pdffactory.com

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and demand strict proof thereof.

49.

Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and demand strict proof thereof.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint and demand strict proof thereof.

51.

Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint and demand strict proof thereof.

52.

Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint and demand strict proof thereof.

53.

Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint and demand strict proof thereof.

54.

Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint and demand strict proof thereof.

WHEREFORE, Defendants pray for the following relief:

(a) Judgment for the Defendants on Count II of Plaintiff's Complaint;

(b) Costs of this action to be taxed to the Plaintiff; and

PDF created with pdfFactory trial version www.pdffactory.com

(c)     Any other relief this Court deems just.

## COUNT III
(Declaratory Judgment and Other Relief)

55.

Defendants incorporate their responses to allegations contained in Paragraph 1 through Paragraph 54 of Plaintiff's Complaint by reference herein.

56.

Defendants deny the allegations contained in Paragraph 56 that suggest this action is appropriate under the law cited by Plaintiff and demand strict proof thereof.

57.

Defendant Phenix City denies the allegations contained in Paragraph 57 of Plaintiff's Complaint, stating that it is a proper Defendant to this action given that Plaintiff seeks to substitute the judgment of the judicial branch of government for that of both the legislative and executive branches of Phenix City's municipal government, violating the separation of powers doctrine found in the U.S. Constitution, the Alabama Constitution of 1901 and the Charter of Phenix City, Alabama.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint and demand strict proof thereof.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint and demand strict proof thereof.

61.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint and demand strict proof thereof.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint and demand strict proof thereof.

WHEREFORE, Defendants pray for the following relief:

(a)  Judgment for the Defendants on Count III of Plaintiff's Complaint;

(b)  Costs of this action to be taxed to the Plaintiff; and

(c)  Any other relief this Court deems just.

## COUNT IV
(Breach of Contract and/or Unjust Enrichment)

63.

Defendants incorporate their responses to allegations contained in Paragraph 1 through Paragraph 62 of Plaintiff's Complaint by reference herein.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint and demand strict proof thereof.

65.

Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint and demand strict proof thereof.

66.

Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint and demand strict proof thereof.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint and demand strict proof thereof.

PDF created with pdfFactory trial version www.pdffactory.com

68.

Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint and demand strict proof thereof.

69.

Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint and demand strict proof thereof.

70.

Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint and demand strict proof thereof.

WHEREFORE, Defendants pray for the following relief:

(a)  Judgment for the Defendants on Count IV of Plaintiff's Complaint;

(b)  Costs of this action to be taxed to the Plaintiff; and

(c)  Any other relief this Court deems just.

## COUNT V
(Tort of Outrage and/or Intentional Infliction of Emotional Harm)

71.

Defendants incorporate their responses to allegations contained in Paragraph 1 through Paragraph 70 of Plaintiff's Complaint by reference herein.

72.

Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint and demand strict proof thereof.

73.

Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint and demand strict proof thereof.

74.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint and demand strict proof thereof.

75.

Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint and demand strict proof thereof.

76.

Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint and demand strict proof thereof.

77.

Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.	Defendants deny that they have violated any constitutional right of the Plaintiff as set forth in the Constitution of Alabama or other provision of Alabama Law.

2.	Defendants deny that they have violated any constitutional right of the Plaintiff as set forth in the United States Constitution of Alabama or in 42 U.S.C. Sections 1983, 1985, 1986 and/or 1988.

3.	Defendant deny that the Plaintiff is entitled to any of the declaratory judgment relief set forth in Count III of Plaintiff's Complaint.

4.	Defendants deny that they have breached any contract with the Plaintiff or that they had been unjustly enriched.

5.	Defendants deny that they are guilty of the tort of outrage and/or the intentional infliction of emotional harm.

6.	Defendants plead the defense of waiver.

7.	Defendants plead the defense of estoppel.

8.	Defendants plead the defense of release.

PDF created with pdfFactory trial version www.pdffactory.com

9. Defendants plead the defense of absolute immunity.

10. Defendants plead the defense of qualified immunity.

11. Defendants plead the defense of latches.

12. Defendants plead that the Plaintiff is not entitled to punitive damages in this action.

13. Defendants reserve the right to amend their answer to include additional affirmative defenses in compliance with the Scheduling Order entered by this Court.

WHEREFORE, Defendants pray for the following relief:

(a) Judgment for the Defendants on Count V of Plaintiff's Complaint;

(b) Costs of this action to be taxed to the Plaintiff; and

(c) Any other relief this Court deems just.

Respectfully submitted this the 27th day of March, 2007.

*/s/ James R. McKoon, Jr.*
_____
James R. McKoon, Jr., MCK020
Joshua R. McKoon, MCK057
James P. Graham, Jr., GRA030
Attorneys for Defendants

**OF COUNSEL:**
McKoon, Thomas & McKoon
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
Facsimile 334.297.2777

**OF COUNSEL:**
The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 27th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Raymond L. Jackson, Jr., Esq.
Scott Crouse, Esq.
Jackson Law Group
P. O. Box 3575
Auburn, Alabama  36831-3575

Thomas F. Worthy, Esq.
P. O. Box 2392
Phenix City, Alabama  36868-2392

*/s/ James R. McKoon, Jr.*
_____
OF COUNSEL

PDF created with pdfFactory trial version www.pdffactory.com