IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAX E. WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:07-cv-244-WKW |
| | ) |
| CITY OF PHENIX CITY, | ) |
| ALABAMA, an Alabama municipal | ) |
| corporation,; Hon. JEFF HARDIN, | ) |
| in his official capacity as Mayor | ) |
| of Phenix City, Alabama, and | ) |
| individually; Hon. RAY BUSH | ) |
| in his official capacity as a member | ) |
| of the Phenix City Council and | ) |
| individually; and Hon. JOHN STOREY, | ) |
| in his official capacity as as a member | ) |
| of the Phenix City Council and | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

      Raymond L. Jackson, Jr., for plaintiffs.
      Jim McKoon and Jimmy Graham, for defendants

2. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1), within twenty-one (21) days of the entry of the Court's Scheduling Order.

3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan: Discovery will be needed on the following subjects: (a) plaintiff's claims that his termination violated his Civil Rights and/or Constitutional Rights under U.S. Constitution and/or Constitution of Alabama, and is actionable under 42 U.S.C. § 1983, et al; (b) plaintiff's claims that his termination resulted from the violation of various Alabama state laws including the open meetings statutes and/or statutes protecting city employees from political retaliation; (c) plaintiff's claims that his termination constitutes tortuous conduct; (d) plaintiff's claims of damages resulting from defendant's wrongful conduct; (e) defendants' claims that they have not violated any of Plaintiff's constitutional or statutory torts and/or that they have not committed any torts; and (f) defendants' other affirmative defenses.

All discovery commenced in time to be completed by November 1, 2007.

Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 30 requests for production by each party to any other party. Responses due 30 days after service.

Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 10 depositions by plaintiff and 10 depositions by defendants.

Each deposition limited to maximum of 8 hours, unless extended by agreement of the parties.

To the extent applicable, reports from retained experts under Rule 26(a)(2) due from the plaintiff by August 1, 2007, and from the defendants by April 30, 2007.

Supplementations due within 14 days after any party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing.

4.  **Other Items.**

The parties are of the opinion that a conference with the Court, unless the Court would prefer to have such a conference in chambers, by telephone, or otherwise will not be needed prior to the entry of the Scheduling Order.

Any motions to amend the pleadings or to join additional parties should be filed within seventy-five (75) days of the entry of the Court's Scheduling Order.

All potentially dispositive motions should be filed no later than ninety (90) days prior to the pretrial hearing.

Settlement may be enhanced by the use of mediation.

The parties request a pretrial hearing in January 2008.

Final lists of witnesses, exhibits, and deposition excerpts under Rule 26(a)(3) shall be due from the plaintiff and the defendants thirty (30) days prior to trial.

The parties should have ten (10) days after service of final lists of witnesses, exhibits, and deposition excerpts to make objections under Rule 26(a)(3).

Requested voir dire questions, proposed jury instructions, and motions in limine (fully briefed) shall be filed twenty one (21) days prior to trial.

The case should be ready for trial for the March 10, 2008 term in Opelika, Alabama, and at this time is expected to take approximately three days to try.

Respectfully submitted this 25th day APRIL, 2007.

Respectfully submitted,

s/Raymond L. Jackson, Jr.
Raymond L. Jackson, Jr. (JAC054)
Attorney & Counselor at Law, P.C.
P.O. Box 3575
Auburn, Alabama 36831-3575
rjackson@auburnattorney.com
334-821-0600
334-821-1950 (fax)
Attorney for Plaintiff Max Wilkes
(lead counsel for Plaintiff)

**OF COUNSEL:**
Thomas F. Worthy
Attorney at Law
P.O. Box 2392
Phenix City, Alabama 36868-2392
(334) 291-7654
(334) 291-7750 (FAX)
Attorney for Plaintiff Max Wilkes

s/James R. McKoon, Jr.
James R. McKoon, Jr.
McKoon, Thomas & McKoon
P.O. Box 3220
Phenix City, AL 36868-3220
(334) 297-2300
(334) 297-2777(fax)
Attorney for Defendants City of Phenix City, AL;
Hon. Jeff Hardin; Hon. John Storey; and Hon. Ray Bush

s/James P. Graham, Jr.
James P. Graham, Jr.
The Graham Law Firm
P.O. Box 3380
Phenix City, Alabama 36868-3380
(334) 291-0315
(334) 291-9136 (fax)
Attorney for Defendants City of Phenix City, AL;
Hon. Jeff Hardin; Hon. John Storey; and Hon. Ray Bush