IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MAX E. WILKES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:07-cv-244-WKW |
| | ) |
| **CITY OF PHENIX CITY,** | ) |
| **ALABAMA,** an Alabama municipal | ) |
| corporation,; Hon. **JEFF HARDIN,** | ) |
| in his official capacity as Mayor | ) |
| of Phenix City, Alabama, and | ) |
| individually; Hon. **RAY BUSH** | ) |
| in his official capacity as a member | ) |
| of the Phenix City Council and | ) |
| individually; and Hon. **JOHN STOREY,** | ) |
| in his official capacity as as a member | ) |
| of the Phenix City Council and | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S Rule 41(a)(2) MOTION TO DISMISS ALL FEDERAL CLAIMS WITH PREJUDICE

Comes now Plaintiff Max Wilkes, by and through counsel, and moves this Court to dismiss the federal claims in the above referenced claims pursuant to Rule 41(a)(2) of the *Federal Rules of Civil Procedure*. Plaintiff ask that this Court remand the state law claims in this case to the Circuit Court of Russell County, Alabama, and/or allow Plaintiff to re-file his state law claims in said Circuit Court. In support of this Motion, Plaintiff states as follows:

1.  The federal claims in this case were predicated upon statements made by Stephen Smith, the director of finance for Defendant Phenix City, to Plaintiff Max Wilkes. Mr. Smith told Plaintiff, during a telephone conversation at the time of Plaintiff's termination, that City Manager Herman Roberts had directed Smith to remove Plaintiff's salary from the proposed 2006-07 budget for Phenix City. Smith then

      told Plaintiff that Robert's explanation for the decision to remove Wilkes' salary was that Mayor Jeff Hardin and councilmen Ray Bush and John Story did not want someone who was planning to run for Mayor to be on the City payroll.

2. Plaintiff asserted that the termination of his government employment based upon an intention to pursue political office violated Plaintiff's Due Process and Equal Protection rights and rights to associate under the U.S. Constitution. Plaintiff sued Defendant City of Phenix City and individual defendants Hon. Jeff Hardin, Hon. John Story, and Hon. Ray Bush, pursuant to 28 U.S.C. §§ 1981, 1983, and 1985.

3. During a deposition that occurred on November 15, 2007, Stephen Smith denied telling Max Wilkes that Roberts has told him that Max Wilkes was being terminated due to Wilkes' political ambitions.

4. On December 27, 2007, Plaintiff deposed city manager Herman Roberts. During his deposition, Roberts denied telling Stephen Smith that Max Wilkes' salary was being removed from the City budget due to Wilkes' political ambitions or activities.

5. Plaintiff has unsuccessfully attempted to obtain statements from other City employees to corroborate his allegation that he was fired due to his political ambitions and/or in violation of his right to associate and participate in the political process.

6. Because Plaintiff cannot find admissible evidence to support his federal claims, Plaintiff asks this Court to dismiss his federal claims with prejudice.

7. Federal jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. Plaintiff continues to assert that his termination and/or the manner in which he was terminated violate Alabama law and/or the City Charter of Phenix City, Alabama.

9. In particular, Plaintiff asserts that section 3.10 of the City Charter provides that the City Manager has exclusive authority to hire and fire department heads. Both Smith and Roberts testified that the City Council directed that Wilkes be terminated despite the wishes of the City Manager that Wilkes continue in his position as Municipal Court Clerk for Phenix City.

10. Plaintiffs' state law claims and/or claims for a declaratory judgment under Alabama state law should be decided by a state court. Plaintiff asks this Court to remand this case to the Circuit Court of Russell County, Alabama, and/or to allow Plaintiff to re-file his state law claims in that Circuit Court.

WHEREFORE, Plaintiff Max Wilkes ask this Court for good cause shown to dismiss all of his federal claims in this case pursuant to Rule 41(a)(2) and to remand the state law claims in Plaintiff's case to the Circuit Court of Russell County, Alabama or allow those state law claims to be re-filed as a new lawsuit in that court.

DATED this the 2nd day of JANUARY 2008,

Raymond L. Jackson, Jr. (JAC054)
JACKSON LAW GROUP, P.C.
P.O. Box 3575
Auburn, Alabama 36831-3575
rjackson@auburnattorney.com
334-821-0600
334-821-1950 (fax)
Attorney for Plaintiff Max Wilkes

**OF COUNSEL:**
Thomas F. Worthy
Attorney at Law
P.O. Box 2392
Phenix City, Alabama 36868-2392
(334) 291-7654
(334) 291-7750 (FAX)
Attorney for Plaintiff Max Wilkes

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of JANUARY 2008 a true and correct copy of the foregoing was mailed via First Class U.S. Mail to all counsel of record to the following addresses and served through the EMCS filing system:

James R. McKoon, Jr.
McKoon, Thomas & McKoon
P.O. Box 3220
Phenix City, AL 36868-3220

James P. Graham, Jr.
The Graham Law Firm
P.O. Box 3380
Phenix City, Alabama 36868-3380

_____
OF COUNSEL